**TRANSCEIVER CORPORATION OF AMERICA, Appellant,**

v.

**RING AROUND PRODUCTS, INC.**

**No. 1315.**

Court of Civil Appeals of Texas, Tyler.

Feb. 28, 1980.

J. Robert Fisher, Winstead, McGuire, Sechrest & Trimble, Dallas, for appellant.

Richard L. Jackson, Shuford, Jackson & Allen, Dallas, for appellee.

McKAY, Justice.

This is an appeal of an order of the trial court which denied appellant's motion to quash a notice to take a deposition duces tecum, which was issued in connection with an execution based upon a previous money judgment, and the refusal of the trial court to declare that the judgment had been fully satisfied and to issue a permanent injunction enjoining one Headwell, assignee of

judgment, from further efforts to collect such judgment.

This cause has had a rather long and involved history; therefore, it is necessary to itemize in chronological order the events which have brought it to this point:

1. On May 17, 1971, the 160th District Court of Dallas County, Texas, rendered judgment against appellant, Transceiver Corporation of America, and in favor of appellee, Ring Around Products, Inc. in the sum of $11,200.00 together with interest and costs.

2. On or about July 27, 1973, appellee assigned such judgment to Raymond Headwell.

3. Headwell then took the assigned judgment to the State of New York and filed a proceeding in the Supreme Court of Rennselaer County, New York, whereby the judgment became enforceable in the State of New York in favor of Headwell against appellant.

4. On August 23, 1973, Headwell filed in the Federal Court for the Northern District of Texas at Dallas an Involuntary Petition in Bankruptcy against appellant, alleging that he, Headwell, was one of three moving creditors being the assignee of the Texas judgment against appellant.

5. On or about April 22, 1974, Headwell filed an action in the Circuit Court for Baltimore County, Maryland, for the purpose of enforcing in the State of Maryland the judgment which had been filed in the State of New York, which in turn was based on the Texas judgment.

6. On June 27, 1974, the court in Maryland granted a judgment in favor of Headwell and against appellant for the sum of $14,946.75.

7. On or about July 5, 1974, Headwell caused a writ of garnishment to be issued in Baltimore County, Maryland, against a corporate entity known as Transceiver of Maryland, Inc.

8. On or about October 15, 1976, upon motion of appellant, an injunction was issued by the Federal Court in the bankruptcy proceedings which prohibited Headwell from proceeding with his various actions against appellant; however, the injunction specifically excluded the garnishment action pending in the State of Maryland but provided "that such action may be continued by Raymond Headwell only at his expense and any funds obtained by him by virtue of such action shall be deposited into the registry of this court * * * ".

9. Headwell then recovered from the garnishee in Maryland the full amount of the judgment with interest for a total of $14,946.75.

10. As a result of such payment to Headwell two Orders of Satisfaction were signed and entered of record on December 10, 1976.

11. On June 23, 1977, the Federal Court issued another order directing Headwell to turn over and pay into the registry of the Federal Court the sum of $14,946.75 "for distribution pursuant to said Plan of Settlement."

12. On July 7, 1977, Headwell deposited the sum of $14,946.75 into the registry of the Federal Court.

13. Simultaneously with this deposit of the funds in the registry of the court Headwell filed a motion for disbursement of funds, alleging that inasmuch as he had elected not to participate as a creditor in the Plan of Settlement he should not be required to pay over the funds and was entitled to have them returned. On December 20, 1977, the court denied the motion.

14. On or about March 15, 1978, Headwell caused to be issued an execution against appellant based upon the Texas judgment, and caused a subpoena duces tecum to be issued for the president of appellant for the purpose of discovering the existence of assets out of which the judgment could be satisfied.

15. On May 18, 1978, appellant filed a Motion to Quash in the 160th District Court in Dallas asking that the court quash the execution, the subpoena duces tecum, and that the court declare that the judgment had been fully satisfied and issue a perma-

nent injunction enjoining Headwell from any further efforts to collect the judgment.

16. On August 18, 1978, a hearing was held by the court on said Motion to Quash and application for injunction, and the parties made a stipulation that "the facts contained in the exhibits admitted (naming them) are the operative facts upon which the court will base its decision of the law."

17. In response to Headwell's complaint that appellant, in its Motion to Quash, had not specifically pled res judicata, appellant filed on or about August 31, 1978, its Motion for Leave to File Amended Motion to Quash, more specifically pleading the issue of res judicata.

18. On November 8, 1978, the trial court rendered an Amended Order Denying Defendant's Motion to Quash.

19. On November 9, 1978, appellant filed its request for findings of fact and conclusions of law, but there were no findings or conclusions filed.

Appellant brings five points of error, the first three of which complain that the trial court erred in refusing to grant appellant declaratory and injunctive relief because (1) the evidence established that the Texas judgment was fully paid and satisfied by a successful garnishment in the State of Maryland; (2) the orders of satisfaction entered by the Maryland court extinguished the Texas judgment and the Maryland order is entitled to full faith and credit; and (3) the doctrine of res judicata bars appellee Headwell from seeking to establish entitlement to recover funds based upon the Texas judgment.

Headwell concedes, as argued by appellant, (a) that a judgment creditor is entitled to only one satisfaction of his judgment; (b) that the judgment and orders of a court of competent jurisdiction of a sister state are entitled to full faith and credit in Texas, and (c) that payment or satisfaction of judgment (if legally sufficient to satisfy judgment at issue added by Headwell) extinguishes that judgment no matter where such payment is made. However, Headwell maintains that a satisfaction of judgment may be defeated by a showing of no consideration or a failure of consideration, and that the record here demonstrates that there was no consideration or a "later failure of consideration in regard to the Satisfactions of Judgment relied upon by Transceiver Corporation."

Headwell says that he mis-interpreted the preliminary injunction order of the Federal Court in that he interpreted such order "to allow him to keep the proceeds from the Maryland action if, but only if, he opted out of the Plan of Settlement then proposed in the bankruptcy action;" however, the bankruptcy court held that its order required the money received in Maryland to be paid into the registry of the court regardless of whether Headwell opted in or out of the Plan of Settlement. Headwell maintains that the result of the Maryland garnishment was that appellant still received the benefit of the $14,946.75 the same as it would have prior to the garnishment action, that he continued to be without the benefit of any money with which to satisfy his existing judgment, and that the claim of satisfaction of judgment was based solely upon the $14,946.75 being delivered to him. Headwell further argues that when the bankruptcy court ordered him to pay such funds into the registry of the court for the benefit of appellant all consideration for that satisfaction of judgment failed, and that such contention was pled, proved and found by the trial court.

The Preliminary Injunction issued by the Federal Court on October 21, 1976, provided that "Raymond Headwell be and he is hereby enjoined and stayed from directly or indirectly commencing or continuing any action or suit against Transceiver * *."

A further provision of the Preliminary Injunction read:

"The action *Raymond Headwell v. Transceiver Corporation of America, et al.,* in the Circuit Court for Baltimore County, Docket 101, Folio 155, Case No. 88781, shall be excluded from the foregoing injunction *except that such action may be continued by Raymond Headwell only at*

*his own expense and any funds obtained by him by virtue of such action shall be deposited into the registry of this Court* and it is intended that such action by Raymond Headwell be excluded from this injunction only for the determination of the questions relating to garnishment of the funds held by Transceiver of Maryland, Inc., and alleged by Raymond Headwell to be owed to Transceiver \* \* \*." (Emphasis added)

The language of the Federal Court injunction order is plain and unambiguous, and it specifically provides that if Headwell pursued the garnishment action in the Maryland court (at his own expense) any funds obtained by him "shall be deposited into the registry of this Court." It is reasonable to conclude that Headwell knew that any funds he received from the Maryland garnishment suit would have to be deposited with the Federal Court.

The further argument of Headwell is that although he actually received the $14,946.75 he was required to deposit such funds into the registry of the Federal Court, and, therefore, he did not receive any benefit from the funds, but, to the contrary, appellant received the benefit of such funds, and as a result there was no consideration for the Order of Satisfaction filed in the Maryland court. We are cited authorities which hold that an agreement to release or satisfy a judgment must have all the elements of a valid, enforceable contract, one of which is that it must be supported by consideration. We do not believe these authorities speak to the question at hand.

Headwell's basic complaint is that the satisfaction he achieved in the action in the Maryland court was frustrated by the order of the Federal Court, and that since he was not allowed to keep the funds received in Maryland he is not precluded from again seeking satisfaction of the judgment. We agree with appellant's argument that after the satisfaction has been made it becomes immaterial and irrelevant what disposition is made of the funds, and, as we have noted, prior to receiving the funds Headwell knew, or was charged with knowledge, that he was being allowed to proceed with the garnishment suit in Maryland provided any funds received from the suit there would be deposited in the registry of the Federal Court.

An instrument filed in the Circuit Court for Baltimore County, Maryland, by Headwell's attorneys contained the following language:

"ORDER OF SATISFACTION

"MR. CLERK:

"Please enter the above entitled case, 'AGREED, SETTLED AND SATISFIED'."

Such Order of Satisfaction was filed by the clerk and recorded in the records of the court, "one of the Law Records of Baltimore County."

It is undisputed that Headwell received the funds which represented the total amount of the judgment against appellant. The authority of his counsel to file the Orders of Satisfaction in the Maryland Court is not questioned. It is our view that the record demonstrates that the judgment was satisfied as shown by the Order of Satisfaction, and a judgment that has been performed and satisfied is functus officio. *Elkins v. Vincik,* 437 S.W.2d 49, 51 (Tex.Civ. App.—Austin 1969, no writ); 34 Tex.Jur.2d Judgments, Sec. 646.

It is also our view that the Orders of Satisfaction extinguish the Texas judgment.

We do not agree with Headwell's contention that there is a failure of consideration between him and appellant because he was required to deposit the funds received in Maryland into the registry of the Federal Court. Headwell knew he would be so required, yet he accepted such funds, and his attorneys executed and filed an Order of Satisfaction.

"Although an entry of satisfaction of the judgment is not essential to the discharge of a judgment which has been paid, a judgment debtor has an absolute right to have the satisfaction of a duly paid judg-

ment entered of record, and this right is not impaired by the lapse of years. Sometimes, the judgment creditor or his attorney is authorized to enter the satisfaction without judicial authorization, and in some cases it is made the duty of the judgment creditor or his attorney to do so. In a proper case, a court of equity will order the entry of a satisfaction of judgment. Ordinarily, however, the entry of a satisfaction of a judgment is secured by the judgment debtor by motion." 47 Am.Jur.2d Judgments, Sec. 1029, pp. 109–110.

■ We hold that the Texas judgment was fully paid and satisfied by the acceptance of the funds in full in the Maryland suit and the execution and filing of an Order of Satisfaction by Headwell's counsel, and that such acceptance of the funds and the judicial admission of satisfaction extinguished the Texas judgment against appellant. Furthermore, appellant had no control over such funds after they were in the possession of Headwell. The record indicates that Headwell, with knowledge of the Federal Court order, took a chance (and lost) that he could retain the funds he received in Maryland. He endeavored to pursue the funds in Maryland for his own benefit and not for the bankruptcy proceedings against appellant which he initiated with two other creditors. His remedy was to file a claim in the bankruptcy proceedings; this he failed and refused to do. After the filing of the involuntary petition any funds owed to appellant in Maryland were an asset of the alleged bankrupt. 8 C.J.S. Bankruptcy § 140(1), p. 858. The fact that the surrender of assets by a creditor is compulsory does not bar him from making proof of the claim. 8A C.J.S. Bankruptcy § 388, p. 786.

By its third point appellant contends that the doctrine of res judicata bars Headwell from seeking to establish entitlement to recover funds on account of the Texas judgment. Appellant says Headwell had previously litigated in Federal Court the question of whether he was entitled to the funds obtained in Maryland by filing a Motion for

Disbursement of Funds. In that motion Headwell alleged he "has made this deposit of funds, but reserving in regard thereto all rights and claims he has to these funds," and that "he has executed and delivered a full release of any claim or cause of action against that Garnishee and against TCA (Appellant) in that earlier litigation so that if he is not allowed to recover the funds so obtained, *he cannot again assert his cause of action,* and this court will have in effect extinguished the claim and cause of action of Headwell against TCA * * *." (Emphasis added)

■ It appears that Headwell was aware and acknowledged that any claim he had to the funds obtained in the garnishment suit in Maryland would be decided by the Federal Court, which court did deny his motion to disburse the funds. It would thus appear that the question involved in this suit, i. e., Headwell's right to pursue legal action against appellant to recover funds based upon the Texas judgment, has been decided in a final and binding order of the Federal Court from which order no appeal was taken, and, therefore, the doctrine of res judicata would prohibit Headwell from proceeding further. A final decree bars all matters which were raised as well as those which could have been raised. *Hall v. Tower Land & Investment Co.,* 512 F.2d 481 (5th Cir. 1975); *In the Interest of V.__M.__B.__,* 559 S.W.2d 901, 904 (Tex.Civ.App.—Amarillo 1977, writ ref'd n. r. e.)

■ Appellee contends that the question of res judicata should not be considered because there was no pleading nor requested consideration of any issue based on such a theory and such was not before the court at the time of presentation. We disagree. Rule 263, T.R.C.P. provides that parties to litigation may submit "matters in controversy to the court upon an agreed statement of facts . . . and such agreed statement . . . and the judgment rendered thereon shall constitute the record of the cause." The record before us here by stipulation contains a full statement of the proceedings upon which this suit is based, and it leaves nothing for the court to do but

to declare the law arising from the stipulated facts. When a case is tried on an agreed statement of facts under Rule 263 the pleadings are immaterial, *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 715 (1945), and all questions as to the sufficiency of the pleadings are waived. *Shillings v. Michigan Miller Mutual Ins. Co.,* 536 S.W.2d 627, 630 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.)

If we be mistaken that the order of the Federal Court denying Headwell recovery of the funds received from the Maryland Court is res judicata against any further claim by him, then it is our view that Headwell in making his motion to the Federal Court judicially admitted that failing to receive the funds there he would be barred from further pursuing the matter since he gave his full release in the Maryland proceeding. 2 McCormick & Ray, Texas Law of Evidence § 1144 (2d ed. 1956).

We sustain appellant's first three points; but we do not reach its other points.

We hold that the trial court erred in failing to grant appellant's Motion to Quash the Notice to Take Deposition Duces Tecum and the execution, and to declare the judgment debt fully discharged and satisfied. Consequently, we hold that such judgment debt has been fully discharged and satisfied.

The order of the trial court is reversed and judgment declared and rendered that the judgment debt has been fully discharged.