Affirmed and Memorandum Opinion filed July 29, 2004









Affirmed and Memorandum Opinion filed July 29, 2004.

 

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01282-CV

____________

 

NORMAN STETTNER, Appellant

 

V.

 

APOLLO PAINT &
BODY SHOP, INC., Appellee

 



 

On Appeal from the County
Civil Court of Law No. 3

Harris County, Texas

Trial Court Cause No. 728,953

 



 

M E M O R A N D U M   O P I N I O N

Norman Stettner appeals from the trial
court=s granting of Apollo
Paint & Body Shop=s bill of review based on alleged invalid
service of process.  After granting the
bill, the court entered summary judgment in Apollo=s favor.  On appeal, Stettner contends that the trial
court erroneously granted Apollo=s bill of review
because (1) the amended return of service was valid and proper, (2) the court
had previously ordered that the amended return properly amended the date of
service, and (3) the trial court=s judgment is void
because Apollo=s bill of review was not verified.  We affirm.

 








Background

 Stettner sued Apollo claiming fraud and
misrepresentation in connection with vehicle storage fees.  The record contains an original return of
service and an affidavit by the serving officer; the latter was an apparent
attempt to correct errors in the original return.  The original return was allegedly defective
in that it failed to completely specify the county and city of service and
indicated service at a street address different than the one listed in the
petition and citation.[1]  The affidavit is very specific regarding the
place of service, but it contains a service date different than the original
return.  When Apollo failed to answer or
appear, a default judgment was entered against it.  Apollo then filed a bill of review, based on
a Joint Statement of Agreed Facts and Stipulations of Law, alleging improper
service of process and seeking a new trial. 
The trial court granted the bill, set aside the default judgment, and
subsequently granted Apollo=s motion for
summary judgment.  On appeal, Stettner
attacks only the ruling on the bill of review.

Standard of Review








A bill of review is an equitable action
that can be utilized only after all legal remedies have been exhausted.  Wembley Inv. Co. v. Herrera, 11 S.W.3d
924, 927 (Tex. 1999).  It seeks to set
aside a judgment that is not void on the face of the record but is no longer
appealable or subject to a motion for new trial.  Id. at 926-27.  Generally, the grant or denial of a bill of
review is reviewed under an abuse of discretion standard.  Nguyen v. Intertex, Inc., 93 S.W.3d
288, 293 (Tex. App.CHouston [14th Dist.] 2002, no pet.).  However, because the parties in the present
case submitted the dispute on agreed facts, we review the trial court=s application of
the law to the agreed facts under a de novo standard.  E.g., Harris County Appraisal Dist. v.
Tex. Gas Transmission Corp., 105 S.W.3d 88, 91 (Tex. App.CHouston [1st
Dist.] 2003, pet. denied); see also Tex.
R. Civ. P. 263 (governing cases tried on agreed statements of
facts).  A bill of review constitutes a
direct attack on a judgment; thus, there are no presumptions favoring valid
issuance, service, or return of citation. 
Min v. Avila, 991 S.W.2d 495, 499 (Tex. App.CHouston [1st
Dist.] 1999, no pet.).  In order to
uphold a default judgment on direct attack, return of service must be shown to
strictly comply with the Texas Rules of Civil Procedure.  Primate Constr. Inc. v. Silver, 884
S.W.2d 151, 152 (Tex. 1994).  If strict
compliance is not shown on the face of the record, return of service is deemed
invalid.  Id.

The Attempt to Amend

In his second issue, Stettner contends
that the Aamended return@ was both valid
and proper.  Specifically, he argues (1)
that Apollo failed to cite any case law in its bill of review regarding the
failure to note the county and city in the original return, and (2) that the
return, as amended, demonstrates proper service.

We begin by noting that Apollo asserted
three grounds in the bill of review for finding that service of process was
invalid: (1) the return failed to completely specify the county and city of
service, (2) the affidavit failed to cure the defect because it described
service on a different date than did the return, and (3) the return indicated
service at a different street address than the one listed in the petition and
citation.  In its judgment, the trial
court did not specify the basis for granting the bill.  Stettner addressed the first two grounds in
both his response in the trial court and his appellate briefs, but at no point
does he address the third ground. 
Accordingly, his first issue can be overruled for that reason
alone.  Cf. In re B.K.D., 131
S.W.3d 10, 16 (Tex. App.CFort Worth 2003, no pet. h.) (summarily
affirming judgment where party failed to challenge all grounds found by the
jury for termination of parental rights); Hall v. Treon, 39 S.W.3d 722,
724 (Tex. App.CBeaumont 2001, no pet.) (summarily
affirming dismissal of lawsuit where party failed to challenge all grounds
listed in the motion to dismiss); Tindle v. Jackson Nat=l Life Ins. Co., 837 S.W.2d 795,
801 (Tex. App.CDallas 1992, no writ) (summarily affirming
summary judgment where party failed to address all grounds raised in the
motion).








Regarding his first argument, that Apollo
failed to cite any authority, Stettner himself fails to cite any authority
suggesting that we should reverse a trial court=s judgment because
the appellee failed to cite any authority in the trial court.  Generally, to properly present an issue on
appeal, an appellant must provide appropriate citations to authority.  Tex.
R. App. P. 38.1 (h) (AThe brief must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities . . . .@ ); Barnett v.
Coppell N. Tex. Court, Ltd., 123 S.W.3d 804, 826 (Tex. App.CDallas 2003, pet.
denied).  There is no such requirement
that an appellee must have cited authority in the trial court.  This argument is unavailing.

In his second argument under this issue,
Stettner asserts that the return, as amended, demonstrates valid service.[2]  He specifically states that A[t]he amended
return together with the affidavit . . . and the file marks and notations on
the citation are relatively specific with all the necessary facts . . . .@[3]  The problem with the return, as amended by
the affidavit, is not that it no longer lists the city and county of service
but that there are two different dates on which service was allegedly
perfected.[4]  The return itself indicates that AWrit@ was received on
January 2, 1999, and service was executed at 9:19 a.m. on January 6, 1999.  The affidavit reads as follows:

I served citation
on Frank Attar, the President of Apollo Paint & Body Shop, Inc. on January
2, 1999 at 9:19 O=Clock A.M. at 6890 Southwest Freeway,
Houston, Harris County, Texas and I inadvertently did not fill in the City and
County of the location when I served Frank Attar with citation.  A copy of the Citation and Officers [sic]
Return is attached as Exhibit AA@ hereto.








As can readily be seen, the officer states in the
affidavit that he is attempting to cure one problem, the allegedly missing
county and city, but he then claims a different date for service than he
indicated in the return.[5]  Contrary to Stettner=s assertion, the
file marks and notations on the Citation are of no help.[6]  The Citation contains no fewer than eight
stamped or handwritten dates, none of which are explained and only one of which
refers to either of the dates in the return or the affidavit (a stamped date of
A99 Jan-2 AM11:59,@ which matches the
received date and time in the return and the service date [but not the service
time] in the affidavit).  A logical
deduction might be that the affidavit simply contains a typographical error, in
that it mistakenly lists the date of receipt by the officer as the date of
service.  However, the Texas policy
requiring that strict compliance with the rules of service be shown on the
record discourages such a deduction.  See
Primate Constr. Inc., 884 S.W.2d at 152. 

While . . . the
strict rules . . . sometimes lead the courts to rather weird conclusions,
preventing us from making even the most obvious and rational inferences, we
believe good public policy favors the standard. 
The end effect of our application of the strict compliance standard is
an increased opportunity for trial on the merits. . . . [T]his policy justifies
what may at first blush seem a hyper‑technical rule.     

Verlander Enters., Inc. v. Graham, 932 S.W.2d 259,
262 (Tex. App.CEl Paso 1996, no writ); see also
Benefit Planners, L.L.P. v. RenCare, Ltd., 81 S.W.3d 855, 859 (Tex. App.CSan Antonio 2002,
no pet.) (quoting Verlander). 
Because the officer=s return and the
amending affidavit present conflicting dates of service, Stettner failed to
strictly comply with the rules of service. 
See Tex. R. Civ. P. 107; Primate Constr. Inc., 884 S.W.2d at 152.  Accordingly, we overrule his second issue.

 

 








The Alleged Court Order

In his first issue, Stettner contends that
an order of the trial court deemed the amended return valid, including the date
of service.  The Aorder@ in question is
merely a file stamp on the affidavit that states AHereby Ordered and
Approved@ and that contains
blanks for the date and the signature of the presiding judge.  These blanks are filled in, respectively,
with AJune 18, 1999,@ and AEd Landry,@ who was
apparently serving as a visiting judge in the trial court on that date.

Stettner cites Higginbotham v. General
Life & Accident Insurance Co., 796 S.W.2d 695 (Tex. 1990), to
argue that the order formally amended the return and deemed it proper.  However, we find that case inapposite to the
situation in the current case.  In Higginbotham,
the trial court held a hearing regarding whether a new trial was warranted and Aexpressly
concluded@ that service was proper even though the
return of service did not strictly comply with the applicable rules.  Id. at 695, 697.  The Texas Supreme Court affirmed, holding
that the trial court=s express conclusion, which was supported
by evidence adduced at the hearing, was tantamount to a formal amendment of the
return.  Id. at 697.  In this case, there is no record of a hearing
or the introduction of evidence regarding service except for the affidavit,
which attempted to amend the return. 
While the intended purpose of the stamp on the affidavit is unclear, we
find no support in the record for Stettner=s contention that
by signing the stamp the judge was holding that service was proper under Higginbotham.  If the court intended to make this holding,
it needed to be explicit in doing so.  See
Higginbotham, 796 S.W.2d at 695 (stating trial court Aexpressly
concluded@ that service was proper and thus found
all necessary prerequisites for proper service).  The trial judge in this case made no Aexpress conclusion@ that service was
proper.  Stettner=s first issue is
overruled.

Alleged Pleading Defects








In his third issue, Stettner contends that
because Apollo=s First Amended Bill of ReviewCits live pleadingCwas not verified,
the trial court did not have subject matter jurisdiction over the dispute.  We begin by noting that a failure to verify a
pleading, when verification is required, is a pleading defect, but it is not
jurisdictional in nature.  Cf. Aquila
Southwest Pipeline, Inc. v. Harmony Exploration, Inc., 48 S.W.3d 225, 233
(Tex. App.CSan Antonio 2001, pet. denied); Liberty
Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex. App.CAustin 1994, writ denied);  see also Tex. R. Civ. P. 90.

Generally, when a dispute is tried to the
court on an agreed statement of facts, the pleadings are immaterial, and all
questions regarding the sufficiency of the pleadings are waived.  Transceiver Corp. of Am. v. Ring Around
Prods., Inc., 595 S.W.2d 623, 628 (Tex. App.CTyler 1980, no
writ); see also State Farm Lloyds v. Kessler, 932 S.W.2d 732, 735 (Tex.
App.CFort Worth 1996, writ
denied).  Here, in signing the Joint Statement of Agreed Facts and
Stipulations of Law, Stettner agreed that Aif the amendment to the return was
insufficient to correct any errors in the original return, then Apollo=s bill of review is properly granted,
[and] if the amended return was sufficient to correct the officer=s return, then Apollo=s bill of review is properly denied.@ 
By agreeing to this limitation on the issues, Stettner affirmatively
waived any pleading defects.  See Transceiver
Corp., 595 S.W.2d at 628.[7]  Accordingly, we overrule his third issue.

The trial court=s judgment is
affirmed.

 

 

 

 

/s/      Adele
Hedges

Chief Justice

 

 

Judgment rendered
and Memorandum Opinion filed July 29, 2004.

Panel consists of
Chief Justice Hedges and Justices Frost and Guzman.











[1]  The trial
court record and the briefs on appeal do not indicate that Stettner argued at
any point that the original return was sufficient by itself.  Indeed, the Joint Statement of Agreed Facts and
Stipulations of Law states A[t]he parties agree and stipulate that if the
amendment to the return was insufficient to correct any errors in the original
return, then Apollo=s bill of review is properly granted, [and l]ikewise,
the parties agree and stipulate that if the amended return was sufficient to
correct the officer=s return, then Apollo=s bill
of review is properly denied.@  Accordingly,
the sufficiency of the original return (by itself) is not at issue in this
appeal.





[2]  Under Rule 118 of the Texas Rules
of Civil Procedure, amendment is allowed at any time as long as a judge
determines the defendant would not be prejudiced.  Tex.
R. Civ. P. 118.  The Texas Supreme
Court has stated that it is the responsibility of the party seeking service to
see that it is properly accomplished.  Primate,
884 S.W.2d at 153.  If proper service is
not affirmatively demonstrated in the record, the one seeking service must
obtain an amendment under the Aliberal@ rules allowing them. 
Id.  Failure to do so will
defeat the court=s personal jurisdiction over the
defendant and render the default judgment void. 
Id.





[3]  Although
Stettner=s brief mentions an Aamended
return@ and an affidavit, the record on appeal contains only
one return, which appears to be the original. 
The Agreed Facts indicates that there was one original return and the
affidavit was an attempt to amend that return.





[4]  Rule 107 of
the Texas Rules of Civil Procedure requires that the return state Awhen the citation was served.@  Tex. R. Civ. P. 107.





[5]  It is clear
from the language in the affidavit that it was intended to modify and not
wholly supplant the return.  It is also
apparent from the fact the return was attached to and referenced in the
affidavit.  We further note that the
affidavit does not mention that there was any defect or mistake regarding the
time of service noted in the return.





[6]  This
distinguishes the present case from Walker v. W.J.T., Inc., cited by
Stettner, wherein the court was able to determine the date of service with
certainty by referencing the return receipts and file markings.  737 S.W.2d 48, 49 (Tex. App.CSan Antonio 1987, no writ).





[7]  Additionally,
Stettner waived the verification argument by not specifically making it in the
trial court.  See Liberty Mut. Ins.
Co., 874 S.W.2d at 739; Builders Bargain Ctr., Inc. v. Nat=l Gypsum Co.,
398 S.W.2d 804, 805 (Tex. App.CSan Antonio 1966, no writ); see also Tex. R. Civ. P. 90 (providing that
every pleading defect must be specifically pointed out by exception in writing
or it is deemed waived).  Although
Stettner objected to Apollo=s supplement to its First Amended Bill of Review, he
never claimed that the original or the supplement was unverified; he only
argued that the supplement was untimely.