**J. G. LONDON, Petitioner,**

v.

**Rosa Mae CHANDLER et al., Respondents.**

No. A–11468.

Supreme Court of Texas.

July 27, 1966.

Rehearing Denied Oct. 5, 1966.

Lowell C. Holt, Gilmer, for petitioner.

Matthews, Payne, Pace, Sands & Benners, Dallas, for respondents.

PER CURIAM.

The opinion of the Court of Civil Appeals is found in 400 S.W.2d 862. That Court affirmed a trial court default judgment, and in the course of doing so overruled two points of error. Only one of the rulings is brought here for review.

The default judgment was rendered in favor of respondents, plaintiffs in the trial court, against petitioner, defendant in the trial court. The point of error which petitioner asserts was erroneously overruled by the Court of Civil Appeals is as follows: "The error of the trial court in rendering a default judgment against Appellant because the citation served upon appellant was insufficient in that the date of issuance of citation was not shown thereon."

 Rule 101, Texas Rules of Civil Procedure, requires that a citation "state the date of the filing of the petition, its file number and the style of the case, and *the date of issuance* of the citation," and that it "be signed and sealed by the clerk." The Court of Civil Appeals held that the Rule requirement for showing date of issuance was met by a showing in the body of the citation of the date on which the clerk signed and sealed it. We disagree.

Our Courts of Civil Appeals have correctly declared that a citation is not *issued* until "it is sent forth from the clerk's office under his sanction and authority and given to an officer, or to some one else to give to an officer, for the purpose of being served." See Snell v. Knowles, Tex. Civ.App., 87 S.W.2d 871, 876 (1935), writ dism.; Ferguson v. Estes & Alexander, Tex.Civ.App., 214 S.W. 465, 467 (1919), no writ. The date of issuance thus may be entirely different from the date of signing and sealing. However, mere failure to note the date of issuance does not render a citation invalid, service thereof ineffective or a judgment rendered pursuant thereto void. This is made clear by Rule 118 which provides for amendment of citations.

 The citation in the record showing date of delivery to the sheriff and date of service on petitioner clearly demonstrates that failure of the clerk to note the date of issuance on the citation did not result in prejudice to petitioner. Writ of error is refused, no reversible error. Rule 483.