**GENERAL LIFE AND ACCIDENT IN-SURANCE COMPANY and National Benefit Life Insurance Company, Appellants,**

v.

**Dorothy L. HIGGINBOTHAM and John G. Higginbotham, Appellees.**

**No. 2–87–092–CV.**

Court of Appeals of Texas, Fort Worth.

April 14, 1988.

Rehearing Denied May 26, 1988.

Camp, Jones, O'Neill, Hall & Bates and J. Kevin Clark and Kern A. Lewis, Fort Worth, for appellants.

Law Offices of Mick McBee and L.L. "Mick" McBee, Jr., Dallas, for appellees.

Before BURDOCK, JOE SPURLOCK, II and HILL, JJ.

## OPINION

HILL, Justice.

General Life and Accident Insurance Company and National Benefit Life Insurance Company appeal from a default judgment granted against them in favor of Dorothy L. and John G. Higginbotham, the appellees. In three points of error, appellants contend that the trial court abused its discretion in denying their motions for new trial, since they satisfied all elements of the test set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939); that the trial court erred in granting the default judgment in favor of the Higginbothams, since it lacked jurisdiction due to defective service of citation; and that the trial court erred in awarding attorney's fees in the amount of $34,664.47, because there is no evidence that such fees are reasonable or rationally related to the services performed.

█ We reverse and remand for trial, because we find that the trial court erred in awarding a default judgment against the appellants for the reason that the record does not affirmatively reflect that the defendants were properly served with citation in accordance with former article 3.64 of the Insurance Code, since the record does not affirmatively reflect that service of citation was left at the home office of either company during business hours.

In point of error number two, the appellants contend that the trial court erred in granting default judgment since the return of citation did not indicate that it was served in accordance with the requirement of former article 3.64 of the Insurance Code.

In their original petition, the Higginbothams alleged the following:

2. Defendants are domestic insurance companies with home offices in Tarrant County, Texas, and registered to conduct business as insurance companies in the [S]tate of Texas. Defendants may be served process at their address, 3900 South Freeway, Fort Worth, Texas 76110.

The citation as to both of the appellants directed that service as to each company was to be made by serving the "PRES., VICE–PRES., OR REGISTERED AGENT." Although both citations showed that service was to be made and was made at 3900 South Freeway, Forth Worth, Tarrant County, Texas 76110, neither citation reflected that 3900 South Freeway was the home office of the appellants.

The return on the citation for General Life and Accident Insurance Company was as follows:

### OFFICER'S RETURN FOR CORPORATIONS

Received this Citation the *18* day of *March*, 1986, at *807* o'clock A.M. Executed at *Ft Worth*, within the County of *Tarrant*, State of *Tex*, on the *18* day of *March*, 1986, at *1201* o'clock P.M., by summoning the within named corporation, *Gen Life & Accident ins* by delivering to *Joyce Brown President–Vice–President–Registered Agent–*, in person, of the said *Gen Life & Accident ins at 3900 S Fwy* a true copy of this citation together with the accompanying copy of plaintiff's original petition, having first indorsed on same the date of delivery.

The words "Registered Agent" were circled.

The return of citation for National Benefit Life Insurance Company was substantially the same as for General Life, except that the term "Registered Agent" was not circled.

The record reflects that Joyce Brown was not a President, Vice President nor a Registered Agent of the appellants.

At the time of service in 1986, article 3.64 of the Insurance Code provided the following method for service and process of domestic insurance companies:

> Process in any civil suit against any "domestic" company, may be served only on the president, or any active vice president, or secretary, or general counsel residing at the city of the home office of the company, or by leaving a copy of same at the home office of such company during business hours.

Insurance Code, ch. 491, sec. 1, 1951 Tex. Gen.Laws 868, 920, *repealed by* Act of Apr. 30, 1987, ch. 46, sec. 12, 1987 Tex. Sess.Law Serv. 159, 179 (Vernon).

The trial court filed findings of fact and conclusions of law stating that because appellants established that Joyce Brown was not a registered agent of either company, "[t]his is sufficient to overcome the presumption of regularity given to recitations in an officer's return of service." However, the court further found that inasmuch as Brown was an employee of both insurance companies, and was served at the companies' offices, service was proper under the provision in former article 3.64 allowing service "at the home office of such company during business hours." *Id.*

In order to uphold a default judgment against attack based upon claim of invalid service of process, it is essential that the record affirmatively show a strict compliance with the provided manner and mode of service. *Hanover Mod. Homes of Taft v. Corpus Christi B. & T.*, 476 S.W.2d 97, 99 (Tex.Civ.App.—Corpus Christi 1972, no writ). This rule has been applied when, as here, service is claimed to be valid under the provisions of former article 3.64 of the Insurance Code (repealed, see now Insurance Code, art. 1.36 (Vernon Supp.1988)). *See Presidential Life Insurance Company v. Crooks*, 479 S.W.2d 694, 697 (Tex.Civ. App.—Amarillo 1972, no writ).

There is no indication anywhere in our record that 12:01 P.M. on March 18, 1986 was during the appellants' business hours.

The appellees assert in their brief that "[n]either of the insurance companies dispute that 12:01 o'clock p.m. was a normal business hour." This assertion is not accompanied by any reference to the record. We take that as an admission that we are correct in our determination that the record is silent as to whether the service was made during normal business hours. By their assertion, the Higginbothams seek to place the burden on the appellants to establish that the service was not properly made, when in fact they have the burden of showing that the record affirmatively reflects proper service of citation.

Since the record does not affirmatively reflect that the appellants were served with citation in accordance with former article 3.64 of the Insurance Code, we sustain point of error number two. In view of this determination we need not consider the remaining points of error.

We reverse and remand for trial.