Dorothy L. HIGGINBOTHAM and John
G. Higginbotham, Petitioners,

v.

GENERAL LIFE AND ACCIDENT
INSURANCE COMPANY, et al.,
Respondents.

No. C–7641.

Supreme Court of Texas.

Oct. 10, 1990.

L.L. "Mick" McBee, Jr., Michael T. Maher, Dallas, for petitioners.

E.L. Caraway, III, J. Kevin Clark, James Lanter, Fort Worth, Kimberly Gardner, Austin, for respondents.

OPINION

RAY, Justice.

The issue in this cause is whether the record reflects proper service of citation on General Life and Accident Insurance Company and National Benefit Life Insurance Company, both domestic insurance companies. The return on both defendants' citations stated that they were served "on the 18 day of March, 1986 at 12:01 o'clock p.m." The trial court rendered default judgment against both defendants. After hearing the motions for new trial presented by both defendants, the trial court expressly concluded that service was proper under former article 3.64 of the Insurance Code, allowing service "at the home office of such company during business hours." The court of appeals reversed the trial court judgment, concluding that there was no indication in the record that 12:01 p.m. was during defendants' business hours. 750 S.W.2d 19. We hold that an express finding by the trial court necessarily included the finding that 12:01 p.m. that day was during business hours. We further hold that the trial court's order was effective to amend the officer's return. We reverse the court of appeals judgment and remand this cause to it for further proceedings.

Dorothy and John Higginbotham sued General Life and National Benefit for the refusal to pay for Dorothy's medical expenses alleged to have been covered by insurance policies issued by those companies. When the insurers failed to answer, the trial court rendered default judgment against them. The return on the citations for the two defendants read substantially the same:

Received this citation the *18* day of *March,* 1986, at *8:07* o'clock *a.m.* Exe-

cuted at *Fort Worth,* within the county of *Tarrant,* state of Texas, on the *18* day of *March,* 1986, at *12:01* o'clock *p.m.,* by summoning the within named corporation, *Gen. Life & Accident Ins.* by delivering to *Joyce Brown, President–Vice-President–Registered Agent-,* in person of the said *Gen. Life & Accident Ins.* at *3900 SFwy* a true copy of this citation together with the accompanying copy of plaintiff's original petition, having first endorsed on same the date of delivery.

On the citation return for General Life the words "registered agent" were circled. The citation return for National Benefit had its name in the appropriate blanks but did not have any words circled.

The insurance companies filed motions for new trial asking that the default judgments be set aside. They failed to specifically raise the defect that 12:01 p.m. was not expressly recited to have been during business hours, but they did complain that Joyce Brown was not an officer or registered agent and that service was improper.

At the time of service in 1986, article 3.64 of the Insurance Code provided the following methods for service of process on domestic insurance companies:

> Process in any civil suit against any "domestic" company, may be served only on the president, or any active vice president, or secretary, or general counsel residing at the city of the home office of the company, or by leaving a copy of same at the home office of such company during business hours.

Insurance Code, ch. 491, § 1, art. 3.64, 52d Leg., 1951 Tex.Gen.Laws 868, 920, *repealed by* Act of Apr. 21, 1987, ch. 46, § 12, 70th Leg., 1987 Tex.Gen.Laws 79, 88.

◼ The trial court conducted a hearing on the motions for new trial. The affidavits by vice presidents of both companies supporting the respective motions for new trial stated "someone received citations and rather than following the proper procedure, mistakenly placed them in the claim file." The motions themselves contained identical allegations that "through someone's error, these petitions were erroneously placed in the claim file of Mr. and Mrs. Higginbotham, rather than forwarded to the corporate officers who then forwarded them to an attorney for the filing of an answer." The trial court could properly take judicial notice that 12:01 p.m. on March 18, 1986 was an early afternoon on a Tuesday that was not a statutory holiday. Tex.R.Civ.Evid. 201(b), (c). There was testimony that Joyce Brown was an employee of both insurance companies who worked in the office during the relevant time. In the order overruling the motion for new trial, the trial court expressly found:

> However, the return established that service occurred at the offices of the defendants and the proof at the hearing reinforced that fact, and it was also proven that Ms. Brown, while not a "registered agent," was an employee of these domestice [sic] insurance companies. This meets the requirement of Insurance Code Article 3.64 to serve such a company inter alia "... by leaving a copy of same at the home office of such company during business hours." Service was proper and the Court acquired jurisdiction.

◼ The trial court, finding that service was proper under the quoted provision of the statute, necessarily also found that service was made "during business hours." The evidence in the record supported this finding. General Life and National Benefit each admitted they actually received citation. The officer's return, direct testimony and circumstantial evidence indicated that Joyce Brown was a clerical employee who took the citations during regular business hours.

The record shows literal compliance with a method of service provided by the statute. The only apparent defect is that the officer's return did not adequately recite such method of service. Neither insurance company pointed out nor expressly complained about such defect before the trial court. The trial court has express authority to allow amendment of the return to reflect the service that was actually had. *See* Tex.R.Civ.P. 118. Since the record affirmatively shows service of citation, and the trial court in a formal order has found

the facts that constitute the service that was had, we see no point in requiring the trial judge to sign a separate order labeled "Order Granting Amendment of Return." The order signed by the judge in the record is tantamount to an order amending the return.

Our holding in this case is consistent with the one opinion in which we have construed rule 118. In *London v. Chandler*, 406 S.W.2d 203 (Tex.1966), petitioner claimed that a default judgment was invalid because the citation failed to state the date of issuance, and stating the date of issuance was an express requirement under the rules of civil procedure. We held that the mere failure to note the date of issuance did not make the citation invalid or the service of the citation ineffective. We stated this was "made clear by Rule 118 which provides for amendment of citations." *Id.* We then noted that the citation showed the date of sealing and stamping, the date of delivery to the sheriff, and date of service. Since the record showed a permissible period when the citation must have been issued, we held that the "failure of the clerk to note the date of issuance on the citation did not result in any prejudice to petitioner." *Id.* In *London*, as in the present case, there was no order as such expressly amending the citation or citation return.

The record and express finding of the trial court already establish the amendment of the incorrect or incomplete recitation on the return. If that alleged defect had been properly raised before the trial court, it "might have been immediately cured by amendment," and the appellate court should not have reversed the default judgment to require the trial court to expressly correct it. *See generally Crain v. Griffis*, 14 Tex. 358, 363 (1855). Because the record affirmatively demonstrated a proper form of service and contained an order tantamount to formal amendment of the return of citation, the record was sufficient to show valid service.

Our holding in this case should not be mistaken as a retreat from our line of cases holding that the record of service supporting a default judgment must show strict compliance with the rules governing service of process. *See, e.g., McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965); *Eagle Life Ins. Co. v. George*, 473 S.W.2d 311 (Tex.Civ.App.—Beaumont 1971, writ ref'd). We adhere to our rule that "failure to affirmatively show strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect." *Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex.1985).

Most of these opinions addressing the requirement that the record show strict compliance are writ of error attacks on default judgments. In such cases there is no record of service other than the citation return, and its recitations, taken as true, must show strict compliance with service requirements. We are not to be understood as holding that the citation return alone in this case would have been sufficient to show valid service. Our holding in this case is restricted to situations in which there is a record (such as the evidence at the hearing on motion for new trial) showing strict compliance with a valid method of service and an order expressly amending the return or that is tantamount to an order amending the return of citation.

We reverse the judgment of the court of appeals and remand the cause to that court for it to consider the defendants' other points of error not previously addressed.

PHILLIPS, C.J., files a dissenting opinion joined by COOK, HIGHTOWER and HECHT, JJ.

PHILLIPS, Chief Justice, dissenting.

I dissent. The court's holding in this case is inconsistent with settled Texas authority regarding the sufficiency of service in default judgments.

When a defendant alleges defective service in an appeal from a default judgment, the ordinary presumptions supporting the validity of the judgment do not apply. As we explained in *Flynt v. City of Kingsville*, 125 Tex. 510, 82 S.W.2d 934 (1935):

On a direct attack ... the usual presumption of service because of the recital in the judgment, "that defendants though duly and legally cited to appear and answer, came not but wholly made default," does not obtain, and the error resulting from the absence in the record of the necessary showing necessitates a reversal of the judgment.

Thus, it is "the established law of this State that it is imperative and essential that the record affirmatively show a strict compliance with the provided mode of service." *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965). This showing must be made from the record that was actually before the trial court when the default judgment was signed, unless the record is amended pursuant to Texas Rule of Civil Procedure 118. *See, e.g., Cox Marketing, Inc. v. Adams*, 688 S.W.2d 215, 217–18 (Tex.App.—El Paso 1985, no writ) (cost and supersedeas bonds signed by defendant's president cannot establish validity of service on signer since neither bond was on file when default judgment signed).

The return of service on the two defendants in this case was as follows:

PL. 12

PL. 13

Both of these returns are defective, as they do not, on the record in this case, affirmatively reflect compliance with any applicable service statute.

These defendants were amenable to service under at least two statutes. The first is article 2.11 of the Texas Business Corporation Act, which provides that a domestic corporation which maintains a registered agent within the state may be served by delivering process to the president, any vice president, or the registered agent of the corporation. The return of service on National Benefit Life states that delivery of process was made on Joyce Brown, but it does not state whether she was the president, a vice president, or the registered agent of that defendant. As neither the petition nor the citation supply this necessary information, the service does not satisfy article 2.11.

The return of service on General Life and Accident Insurance Company, on the other hand, is regular on its face, since it

states that Joyce Brown is the registered agent of that defendant. Recitations in the officer's return have been held to be prima facie evidence of proper service. *See National Med. Enterprises of Texas, Inc. v. Wedman*, 676 S.W.2d 712, 715 (Tex.App. 1984, no writ); *contra NBS Southern, Inc. v. The Mail Box, Inc.*, 772 S.W.2d 470 (Tex.App.—Dallas 1989, no writ). However, in its motion for new trial, General Life established by uncontroverted evidence that Ms. Brown was not its registered agent, and the trial court so found in its findings of fact and conclusions of law. Thus, neither defendant was properly served under article 2.11.

The second possible statute under which service was authorized was article 3.64 of the Texas Insurance Code, then in effect but now repealed. That statute provided that service could be effected on a "domestic" life, health and accident insurance company by serving process "only on the president, or any active vice president, or secretary, or general counsel residing at the home office of the company, or by leaving a copy of same at the home office of such company during business hours." The Higginbothams argue that service was properly effected on both defendants under this statute. If so, such proper service was not reflected in the officer's returns. Joyce Brown's position was not designated on National Benefit's return, and nothing in the petition or citation demonstrates that she met one of the applicable categories for accepting service. And although she was designated as registered agent on the return of service on General Life, the evidence presented to and accepted by the trial court demonstrated that this statement was false. Hence, the only remaining avenue of service under the statute was by leaving process at the home office. Nothing in the return on either defendant reflects that "3900 S. Fwy" was the home office of either company, nor is such information supplied by the citation. The plaintiffs' original petition stated as follows:

Defendants are domestic insurance companies with home offices in Tarrant County, Texas, and registered to conduct business as insurance companies in the state of Texas. Defendants may be served process at their address, 3900 South Freeway, Fort Worth, Texas 76110.

Since an "address" is not necessarily a home office, the recitals in the petition fall short of supplying the necessary proof that service was effected on defendants at their home office, as the statute requires. Although the trial court made a finding of fact that this address was the home office, apparently based on evidence presented at the hearing on motion for new trial, such "post-judgment" evidence cannot supply necessary information which was not in the record when the judgment was signed. *See Cox*, 688 S.W.2d at 218. Because the face of the record does not reflect proper service, and because the Higginbothams made no attempt to amend the record under Rule 118, the companies are entitled to a new trial.

These rules, while complicated, have been developed by our courts to protect the rights of all litigants. As we explained in *Finlay v. Jones*, 435 S.W.2d 136, 138–39 (Tex.1968):

The two basic judicial decisions a trial judge must make before rendering and entering a default judgment are (1) that the court has jurisdiction of the subject matter and the parties to the suit, and (2) that, on the record, the case is ripe for judgment. These decisions cannot possibly be clerical because the court has no more solemn judicial obligation than that of seeing that no litigant is unjustly saddled with a judgment in the absence of notice and a hearing.

Today, the court changes these rules. It deems the trial court's explanation of its ruling, based on testimony offered at the hearing on defendant's motion for new trial, as "tantamount to an order amending the return of citation" under Texas Rule of Civil Procedure 118. The court's sole authority for this remarkable holding is *London v. Chandler*, 406 S.W.2d 203 (Tex. 1966). This reliance is misplaced. *London* cited Rule 118 only to explain that the availability of amendment demonstrates that a technical defect in a citation does not render service thereunder absolutely void.

*Id.* at 204. Neither *London* nor any other Texas case has ever suggested that a citation or return may be amended by implication. By its terms, the rule obviously contemplates a physical substitution of a corrected instrument into the record. *See, e.g., Mylonas v. Texas Commerce Bank—Westwood,* 678 S.W.2d 519 (Tex.App.—Houston [14th Dist.] 1984, no writ). At the most, it might conceivably be expanded to encompass an affidavit from the officer who committed the error. *See generally Zaragoza v. de la Paz Morales,* 616 S.W.2d 295, 296 (Tex.Civ.App.—Eastland 1981, no writ) (on rehearing). If the court desires to change Rule 118, it should do so by amendment, not by a tortured reading of a prior opinion.

I would not so cavalierly alter Texas law. In light of the Higginbothams' failure to establish valid service, I would affirm the judgment of the court of appeals and remand the cause for trial. I therefore find it unnecessary to discuss whether the court of appeals erred in its holding that the Higginbothams were required to establish on the face of the record that the time of service was in fact during business hours, or whether the insurance companies established a right to new trial under the *Craddock* standards. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (1939).

COOK, HIGHTOWER, and HECHT, JJ., join in this dissent.