

# NUMBER 13-10-208-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**INVESTMENT IDEAS, INC.,** Appellant,

**v.**

**ELLEKAY, LLC D/B/A YOUNG CHEF'S ACADEMY,** Appellee.

---

### On appeal from County Court at Law No. 6
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from a default judgment granted against appellant Investment

Ideas, Inc. and in favor of appellee Ellekay, LLC d/b/a Young Chef's Academy, for

$404,833.21, plus interest and attorney's fees, in a claim for breach of implied warranty,

breach of contract, negligence, and fraud. By one issue, Investment Ideas argues that the trial court erred in entering a no-answer default judgment because it was not served in strict compliance with applicable rules of civil procedure. We reverse and remand.

## I. BACKGROUND

Ellekay filed its original petition on November 20, 2009, in Hidalgo County. The petition states that Investment Ideas failed to appoint or maintain a registered agent in Texas. Accordingly, Ellekay asserts that service could be made by serving the Secretary of State. *See* TEX. BUS. ORG. CODE ANN. § 5.251(1)(A) (Vernon Supp. 2010).

Citation was issued by the Hidalgo County clerk's office on November 23, 2009. The "Sheriff's Return" section of the citation reflects that service was attempted on December 4, 2009, as follows: "Sent certified mail to Secretary of State #7008-2810-0000-3935-6622, P.O. Box 12079, Austin, TX 78711-2079." The return was signed by someone who was apparently a civil process server, but whose signature is not legible, and was followed by a number. The return was not verified.

On January 11, 2010, Ellekay moved for default judgment, reciting that Investment Ideas had been served with citation on December 11, 2009. On January 13, 2010, the trial court held a hearing on the default judgment. Ellekay presented a non-military affidavit, a certificate of last known mailing address, an attorney's fee affidavit, and an affidavit outlining the alleged damages. The trial court entered the default judgment.

On January 15, 2010, not knowing that a default judgment had been entered, Investment Ideas filed a special appearance contesting jurisdiction, a motion to transfer venue, and an answer. When Investment Ideas became aware that a default judgment

had been entered, it also filed a timely motion to set aside default judgment and a motion for new trial. Investment Ideas took the position at the hearing on motion for new trial that it sought an extension of time from Ellekay's attorney in order for Investment Ideas to obtain Texas counsel. Ellekay denied that there was such an agreement.

The citation stated that it had been sent to "Investments Ideas Inc.," rather than to "Investment Ideas Inc." The return is signed by a civil process server whose signature was not legible. The return suggests that the petition was sent to the Secretary of State at an Austin, Texas address but it was not verified.

On March 4, 2010, nearly a month and a half after the default judgment was entered, Ellekay filed a "server's return," through an affidavit of Marilyn Stroud who averred that she was the process server who attempted to effectuate service in this case. She stated that the "addressee's signature mark is filed of record in this cause," but there is no signature of record, nor is there an order of the trial court authorizing the amendment of the return. The motion for new trial was overruled by operation of law without granting leave to file the amended return.

## II. LEGAL STANDARD

Strict compliance with the rules for service of citation must affirmatively appear on the record in order for a default judgment to withstand direct attack. *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Failure to comply with the rules governing service of citation constitutes error on the face of the record. *Id.* Even if a defendant has received actual notice of the pending lawsuit, as in this case, a default judgment that is rendered upon defective service will not withstand appellate scrutiny. *Hubicki v.*

3

*Festina*, 226 S.W.3d 405, 408 (Tex. 2007). The reason is clear: the only ground supporting a default judgment is that the defendant has failed to comply with the procedural requirements for answering a lawsuit. *Id.* If a defendant can show that the plaintiff, in filing the lawsuit, also erred in failing to conform to the procedural rules, the errors, in essence, offset one another. *See id.*; *see also Landmark Organization, L.P. v. Sunbelt Air Conditioning and Refrigeration Serv., Inc.*, No. 13-08-00676-CV, 2010 WL 2784032, at *3 (Tex. App.−Corpus Christi July 15, 2010, no pet.) (mem. op.). Virtually any deviation from the statutory requisites for service of process will destroy a default judgment. *Carmona v. Bunzl Distrib.*, 76 S.W.3d 566, 568-69 (Tex. App.−Corpus Christi 2002, no pet.). The record must show that at the time the default is entered, proper service of citation was made. *Id.* at 568.

### III. ANALYSIS

Here, the pleadings were filed against a company named "Investment Ideas, Inc." The citation, however was issued to "Investments [sic] Ideas, Inc.", but it should have been issued to "Investment Ideas, Inc.", by and through its registered agent for service. Texas Rule of Civil Procedure 107 provides that where the citation is served by an authorized person rather than by an officer, the return shall be verified. TEX. R. CIV. P. 107. The return in this case was served by one other than an officer and was not verified. Rule 107 requires an acknowledgement of the instrument before a notary public. *Laas v. Williamson*, 156 S.W.3d 854, 858 (Tex. App.–Beaumont 2005, pet. denied). The record reflects that a verification was not filed until March 4, 2010, more than a month and a half after the entry of judgment in an attempt to amend the order

4

post-judgment.

Rule 118 of the Texas Rules of Civil Procedure allows service of process or proof of service to be amended. TEX. R. CIV. P. 118. In *Higginbotham v. General Life & Accident Insurance Company*, the supreme court noted that the trial court has express authority to allow amendment of the return of citation. 796 S.W.2d 695, 696 (Tex. 1990). In *Higginbotham*, the record affirmatively showed service of citation, and the trial court entered a formal order that service had been accomplished. The *Higginbotham* court determined that the order signed by the trial court was "tantamount to an order amending the return." *Id.* Ultimately, the court limited its holding to cases where there is a record showing strict compliance with a valid method of service and an order expressly amending the return or an order that is tantamount to an order amending the return. *Id.* at 697. At the motion for new trial hearing, counsel for Ellekay noted that the process server had filed an affidavit in an attempt to amend service. Neither the affidavit nor the amendment were offered at the hearing.

The return of citation here is unverified. Thus, it clearly does not comply with Rule 107. *See* TEX. R. CIV. P. 107. And, there was neither an order entered allowing an amendment nor was there an order entered that was tantamount to an amendment. The trial court took the case under advisement, and the motion for new trial was overruled by operation of law. Because service of citation did not comply with the procedural rules, the default judgment cannot stand under the strict scrutiny standard set forth in *Primate*. *See Primate Constr. Inc.,* 884 S.W.2d at 152. We sustain Investment Idea's first issue.

5

## IV. Conclusion

We reverse the judgment and remand to the trial court.


ROSE VELA
Justice


Delivered and filed the
18th day of November, 2010.

6