ACCEPTED
04-15-00036-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
4/17/2015 3:51:00 PM
KEITH HOTTLE
CLERK

No.04-15-00036-CV

# IN THE FOURTH COURT OF APPEALS AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
04/17/2015 3:51:00 PM
KEITH E. HOTTLE
Clerk

**DAVID WAYNE THOMPSON**
**Appellant,**

**vs.**

**TRAVIS BAILEY AND LISA BAILEY,**
**Appellees**

On Appeal from the 38th Judicial District of Uvalde County, Texas

(Trial Court Cause No. 2013-07-29422-CV)

## APPELLANT'S REPLY BRIEF

Rogelio M. Muñoz
State Bar No. 24044409
Email: roy@swtexaslaw.com
The Muñoz Law Firm
231 S. Getty St.
Uvalde, TX 78801
Tel:(830) 278 – 1150
Tel:(830) 278 – 1559
**Counsel for Appellant**

## ORAL ARGUMENT IS REQUESTED

**TO THE HONORABLE COURT OF APPEALS:**

**STATEMENT OF THE REPLY**

Appellant, David Thompson, (hereafter Mr. Thompson) files this reply to the Appellee's Brief.

**REPLY ISSUES PRESENTED**

**Reply Point Number 1:** Service was defective.

**Reply Point Number 2:** Trial court erred in conditionally granting the motion for new trial.

**ARGUMENT AND AUTHORITIES**

**Reply Point 1:** Service was defective.

The Appellees, Lisa and Travis Bailey, (hereafter the Baileys) make several arguments in favor of valid service, but they are each without legal merit.

**I.** First, the Baileys argue that service was valid because the process server, Mr. Olivarez, was authorized to serve under Tex. R. Civ. P. 103 (hereafter rule 103) because he was a retired sheriff's deputy. Essentially, they are asking the Court to interpret rule 103 to mean that retired sheriff's deputies are expressly authorized to serve under rule 103. This argument is problematic for a very simply reason; that is not what the express language of rule 103 says. Rule 103 provides that, "service of process may be served by: (1) any sheriff of constable or other person authorized by law…" Tex. R. Civ. P. 103. Nothing in the rule authorizes

service by a retired sheriff's deputy. The Baileys attached to their brief a standing order that authorized Mr. Olivarez that was signed on July 17, 2014. (See Tab I to Appellees Brief). That order took effect more than three months after Mr. Olivarez served the return. Not surprisingly, Mr. Olivarez requested a standing order from the trial court that gave him written authorization to serve after the motion for new trial was filed and his ability to serve was challenged. If Mr. Olivarez had been authorized to serve process under the express terms of rule 103 then there would not have been a need to obtain written authorization from the trial court.

**II.** Secondly, the Baileys argue that service was valid because the process server, Mr. Olivarez, was authorized to server under written order of the court in compliance with Tex. R. Civ. P. 103 (2). This argument fails because despite the Bailey's contentions to contrary, no written order existed at the time of service that authorized Mr. Olivarez to serve process in this case. The Bailey's claim that the trial court's order granting substituting service, which authorized service by leaving a copy of the petition with anyone over 16 years of age, also authorized Mr. Olivarez to serve process. The Baileys argue that because their motion for substituted service was supported by an affidavit made by Mr. Olivarez, and because the trial court granted the motion for substituted service, the order granting substituted service should be read to give requisite written authorization to Mr. Olivarez to serve process.

This argument fails for several reasons. First and most significantly, the order granting substituted service did not either expressly or impliedly authorize Mr. Olivarez to serve process. The order merely authorized an alternate method of service; it did not give Mr. Olivarez authorization to serve process. (CR 29). Another problem with this position is that the motion for substituted service did not ask the trial court for written authorization for Mr. Olivarez to serve process. Instead, the motion only asked for authorization to serve Mr. Thompson by leaving a copy of the petition with someone over 16 years of age at his residence. (CR 26). As a consequence, the order granting substituted service did *only* what the Baileys requested in their motion, which was authorization for an alternate method of service. Another problem with this argument is that, at the hearing on the motion for new trial, counsel for the Baileys never raised this argument. It is only logical that if the order authorizing substituted service was intended to give written authorization to Mr. Olivarez, the issue would have been raised by counsel for the Baileys.

**III.** Third, the Baileys argue that the trial court's order granting new trial constituted an affirmative amendment to return, which thereby authorized Mr. Olivarez to serve in this case. In support of this position, the Baileys cite *Higginbotham vs. General Life and Acc. Ins. Co.*, 796 S.W.2d 695 (Tex. 1990). *Higginbotham* is inapposite the instant case because it dealt with a very different

4

factual situation. In *Higginbotham,* the applicable law required service during regular business hours and the return showed service at 12:01 p.m., but it did not state that the businesses' hours included that particular time. *Id.* After a default judgment was obtained, the defendants filed a motion for new trial and the trial court denied the motion. The Supreme Court found that the trial court, in finding that service was proper under the quoted provision of the statute also found that service was made "during business hours" and in so doing it implicitly amended the citation without need for an amended citation. *Id. Higginbotham* is not pertinent to instant case because there service was in fact properly perfected. The only issue was an ambiguity as to whether the time of service "12:01p.m." was during regular business hours. The trial court found that the time of service occurred during normal business hours which thereby validated service. Thus, in *Higginbotham* the trial court only made an evidentiary determination that clarified the facts stated in the return. By clarifying the language in the return the Supreme Court found that the trial court implicitly amended it. *Higginbotham* is therefore applicable on the issue of whether a trial court can implicitly amend a return of service.

By contrast, here the issue is not whether the return of citation itself is sufficient, but whether the individual who served the citation was authorized by statute. Here, the trial court could not have amended the return because the person

5

who served citation was not authorized to serve under rule 103. Unlike in *Higginbotham,* here service was completely defective because Mr. Olivarez was not authorized to serve. Finally, unlike in *Higginbotham,* here the trial court made no findings that Mr. Olivarez was authorized to serve process which could be implied as amendment to the return.

**IV.** In the Baileys final argument in favor of valid service they claim that because Mr. Thompson appeared before the trial court after the motion for the new trial was granted, he had acquiesced to the jurisdiction of the trial court which thereby rendered any arguments regarding service moot. This argument also fails because, even though Mr. Thompson entered a general appearance after the default judgment was rendered, it does not negate the fact that when the default judgment was obtained the trial court was without jurisdiction. The trial court did not have jurisdiction to render the default judgment because there was improper service. The fact that the trial court later acquired jurisdiction does not change the fact that the default judgment was void. If the default judgment was void then the trial court was without power to restore it.

**Reply Point Number 2:** Trial court erred in conditionally granting the motion for new trial.

**I.** The Baileys contend that when the trial court modified its order granting new trial, by making it conditionally granted upon the payment of fees, the trial

6

court had personal jurisdiction because Mr. Thompson had made a general appearance. Mr. Thompson does not dispute that, after he appeared in the case, he submitted himself to the jurisdiction of the court. That does not change the fact that the default judgment was entered without proper service. Without proper service the trial court never acquired jurisdiction to enter the default judgment. Thus, even if the trial court had jurisdiction after Mr. Thompson appeared it still did not give it authority to reinstate a void judgment.

**II.** The Baileys next contend that the trial court has authority to conditionally grant a new trial upon specific terms. As stated in Mr. Thompson's brief, he does not dispute the general principle that a trial court can in some instances conditionally grant a motion for new trial. But here the trial court was without power to do so. This is because service was defective, and without valid service the trial court never acquired personal jurisdiction to enter a default judgment. As a consequence, the default judgment was void, and it logically follows that a trial court cannot reinstate a void judgment.

## CONCLUSION AND PRAYER

For these reasons, Mr. Thompson requests that this court reverse the trial court, vacate the default judgment, and order a new trial.

Respectfully Submitted,

7

/s/ Rogelio M. Muñoz
Rogelio M. Muñoz
State Bar Number: 24044409
The Muñoz Law Firm
231 South Getty Street
Uvalde, Texas 78801
Telephone: (830) 278-1150
Fax: (830) 278-1559

Attorney for the Appellant,
David Wayne Thompson

## CERTIFICATE OF SERVICE

I certify that I have served this reply brief by mailing a copy on the 17th day of April, 2015, to the following counsel of record:

Mr. Paul J. Tarski
205 N. Getty St.
Uvalde, TX 78801
Tel: 830 278 2544
Fax 830 278 7316
email: paul@tarskilaw.com

/s/ Rogelio M. Muñoz