**Opinion issued December 23, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00974-CV

———————————

**CITY OF HOUSTON, Appellant**

**V.**

**MONIQUE WILLIAMS, Appellee**

---

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-72322**

---

## MEMORANDUM OPINION

In this interlocutory appeal,[1] appellant, City of Houston (the "City"), challenges the trial court's orders denying its motions to dismiss[2] filed in the suit of appellee, Monique Williams, against the City and a City employee for negligence. In four issues, the City contends that the trial court erred in denying its motions to dismiss.

We affirm.

## Background

In her original petition, Williams alleged that on November 27, 2021, she was "traveling in Harris County, Texas" when Jo Ann Walton, a "statutory employee" of the City, caused a car collision with Williams. As a result of the collision, Williams "suffered serious bodily injuries."

Williams brought claim against Walton for negligence, alleging that Walton was negligent in:

- "[F]ail[ing] to keep a proper lookout for [Williams's] safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances";

- "[F]ail[ing] to yield as a person of prudent care would have done";

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8); *see also City of Houston v. Johnson*, No. 01-23-00938-CV, 2025 WL 1033754, at *1 (Tex. App.—Houston [1st Dist.] Apr. 8, 2025, no pet.) (mem. op.) (appellate court has jurisdiction to review trial court's denial of City's rule 91a motion to dismiss based on governmental immunity).

[2] *See* TEX. R. CIV. P. 91a.

- "[F]ail[ing] to turn []her motor vehicle in an effort to avoid the collision";

- "[F]ail[ing] to operate a motor vehicle as a person using ordinary prudent care would have done";

- "[F]ail[ing] to maintain a clear and reasonable distance between [Williams's] motor vehicle and [her] motor vehicle which would [have] permit[ted] [her] to bring []her motor vehicle to a safe stop without colliding into [Williams's] motor vehicle";

- "[F]ail[ing] to keep such distance away from [Williams's] motor vehicle as a person using ordinary prudent care would have done";

- "[O]perating []her motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances"; and

- "[F]ail[ing] to apply []her brakes to []her motor vehicle in a timely and prudent manner and/or wholly fail[ing] to apply []her brakes in order to avoid the collision."

Williams alleged that Walton's negligence proximately caused her injuries, and she sought damages.

Williams also alleged that the City was liable for the negligent acts of Walton because, "at all times material," Walton was "an agent, ostensible agent, servant, employee of, or in [a] joint enterprise with," the City and was "acting within the course and scope of [her] agency or employment at the time of the collision" with Williams. Williams further alleged that Walton was a "statutory employee" of the City "pursuant to Federal Motor Carrier Safety Regulations."

3

The City answered, generally denying the allegations in Williams's petition, and asserting, among other things, governmental immunity and "exemptions and exceptions from, and limitations on, liability" provided by the Texas Tort Claims Act ("TTCA").[3]

On November 17, 2023, the City filed a motion to dismiss Williams's negligence claim against it under Texas Rule of Civil Procedure 91a (the "first motion to dismiss"). In its first motion to dismiss, the City argued that the trial court lacked subject-matter jurisdiction over Williams's claim against it because the City was entitled to governmental immunity, and Williams had failed to show in her petition that her claim against the City fell under the waiver of governmental immunity provided by the TTCA.[4] More specifically, Williams had not attempted to allege facts showing a waiver of immunity or plead that the City's governmental immunity had been waived.

The City further argued that Williams's vicarious liability claim against it, based on the alleged negligence of Walton, under Federal Motor Carrier Safety Regulations, should be dismissed because the City did not constitute an interstate carrier and was not subject to Federal Motor Carrier Safety Regulations.

---

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.109.

[4] *See id.* § 101.021(1).

4

Finally, the City argued that Williams's vicarious liability claim against it, based on the theory of joint enterprise, should be dismissed because the essential elements for a joint enterprise had not been met, i.e., there was "no commercial community of pecuniary interest in [a] purpose among members" and "no equal voice" in the direction of the enterprise.

Also, on November 17, 2023, the City filed a notice of submission, stating that its first motion to dismiss would be "submitted to the [trial] [c]ourt for ruling on Monday, November 27, 2023, at 8:00 a.m. without an oral hearing." (Emphasis omitted.) Williams did not file a response to the City's first motion to dismiss.

On November 22, 2023, Williams filed an amended petition. In her amended petition, Williams alleged that on November 27, 2021, she was "traveling in Harris County" when Walton "caused a collision" with Williams which resulted in Williams sustaining "serious bodily injuries." According to Williams, at the time of the collision, Walton was driving a Ford Explorer Sport Utility Vehicle ("SUV") that "belonged to" the City.

Williams again brought a claim for negligence against Walton, alleging that Walton was negligent in the same ways as alleged in her original petition.

Williams also brought a direct claim for negligence against the City, alleging that the City was negligent in:

5

- "[F]ail[ing] to keep a proper lookout for [Williams's] safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances";

- "[F]ail[ing] to yield as a person of prudent care would have done";

- "[F]ail[ing] to turn [its] motor vehicle in an effort to avoid the collision";

- "[F]ail[ing] to operate a motor vehicle as a person using ordinary prudent care would have done";

- "[F]ail[ing] to maintain a clear and reasonable distance between [Williams's] motor vehicle and [its] motor vehicle which would [have] permit[ted] [it] to bring [its] motor vehicle to a safe stop without colliding into [Williams's] motor vehicle";

- "[F]ail[ing] to keep such distance away from [Williams's] motor vehicle as a person using ordinary prudent care would have done";

- "[O]perating [its] motor vehicle at a rate of speed which was greater than that would have been operated by a person of ordinary prudence under the same or similar circumstances"; and

- "[F]ail[ing] to apply [its] brakes to [its] motor vehicle in a timely and prudent manner and/or wholly fail[ing] to apply [its] brakes in order to avoid the collision."

Williams alleged that the City's negligence proximately caused her injuries.

Williams further alleged that the City was vicariously liable for Walton's negligence because Walton "was an employee of the City and was acting within the scope of [her] employment as that term [was] understood under the [TTCA]" at the time of the collision. According to Williams, the City was liable for Walton's negligent conduct "under the legal doctrines of respondeat superior, agency, and/or

6

ostensible agency, because she was, at all times material to th[e] []suit, an actual agent, ostensible agent, servant, employee of, or in joint enterprise with[,] the City and was acting in the course and scope of [her] agency or employment at the time of the collision."

On November 27, 2023, the City filed a second motion to dismiss Williams's negligence claims against it under Texas Rule of Civil Procedure 91a (the "second motion to dismiss").[5] According to the City, in her amended petition, Williams alleged that there was a collision between her vehicle and a City SUV driven by Walton. Williams brought claims against Walton and the City for negligence and asserted that the City was liable for Walton's negligent conduct because she was acting within the scope of her employment and the City was responsible based on the theories of respondeat superior, joint enterprise, and agency. Williams also alleged that the City's governmental immunity was waived pursuant to the TTCA.

The City argued in its second motion to dismiss that Williams's negligence claim against Walton had to be dismissed because Williams had asserted claims under the TTCA against both Walton and the City at the same time, and under such circumstances, Texas Civil Practice and Remedies Code section 101.106(a)

---

[5] *See* TEX. R. CIV. P. 21(f)(5)(A) ("[I]f a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday . . . .").

7

provided that the City's employee, i.e., Walton, must be "immediately dismissed" from the suit.[6]

The City also argued that Williams's vicarious liability negligence claim against it, based on the theory of joint enterprise, should be dismissed because the essential elements for a joint enterprise had not been met, i.e., "there [was] no joint commercial purpose where . . . Walton had an equal voice with the City."

On November 27, 2023, the City filed a notice of submission,[7] stating that its second motion to dismiss would be "submitted to the [trial] [c]ourt for ruling on Monday, December 4, 2023, at 8:00 a.m. without an oral hearing." (Emphasis omitted.)

On December 1, 2023, Williams filed a response to the City's second motion to dismiss. In her response, Williams agreed that her negligence claim against Walton should be dismissed pursuant to Texas Civil Practice and Remedies Code section 101.106(e). However, Williams asserted that the City was not entitled to dismissal of her vicarious liability negligence claim based on the theory of joint

---

[6]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) ("The filing of a suit under [the TTCA] against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter."); *id.* § 101.106(e) ("If a suit is filed under [the TTCA] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit."); *see also Krause v. Mayes*, 652 S.W.3d 880, 887 (Tex. App.—Houston [14th Dist.] 2022, no pet.).

[7]  *See* TEX. R. CIV. P. 21(f)(5)(A).

enterprise. According to Williams, the City's assertion that there was no evidence of two elements of joint enterprise was really a summary-judgment argument and the City had not met its summary-judgment burden. Further, the City's second motion to dismiss did not state "specifically the reasons [why Williams's] cause of action ha[d] no basis in law[] [or] basis in fact," and the City "ha[d] not offered anything to prove that there was a 'clear legal bar' to the joint enterprise theory of liability" alleged by Williams.

On December 4, 2023, the City filed a reply in support of its first and second motions to dismiss. As to its first motion to dismiss, the City argued that the trial court should grant its motion because Williams did not file her amended petition "at least [three] days before the hearing" on the City's first motion. Because Williams's amended petition was not timely filed, the trial court could not consider it, and the City argued that the trial court should dismiss Williams's negligence claim against it for lack of subject-matter jurisdiction.

As to its second motion to dismiss, the City argued that the trial court should dismiss Williams's vicarious liability claim against it, based on the joint enterprise theory, because the TTCA did not "waive[] [the City's] governmental immunity where the driver of a motor vehicle [was] in a joint-enterprise relationship" with the City.

9

Also, on December 4, 2023, the City filed a letter stating that its first motion to dismiss had been "erroneously passed and [was] ripe for submission to the [trial] [c]ourt." The City "request[ed] a ruling pursuant to the prior submission setting on Monday, November 27, 2023, at 8:00 a.m."

In a response to the City's letter, Williams asserted that the City's first motion to dismiss was not before the trial court because the setting on November 27, 2023 was "passed, presumably by the City's counsel." Further, Williams asserted that the City's first motion to dismiss had not been "properly set" for submission. According to Williams, to properly set the City's first motion to dismiss for submission, the City "would need to file a new notice of submission."

In its reply to Williams's response, the City asserted that it did not "contact, by either telephone, e-mail or otherwise, the [trial] court requesting that the submission [of its first motion to dismiss] be passed" and the "setting in question [was] still ripe." (Emphasis omitted.) The City requested that the trial court grant both of its motions to dismiss.

On December 12, 2023, the trial court denied the City's first and second motions to dismiss. The trial court's order on the City's first motion to dismiss stated:

> On this day came to be considered . . . [the] City['s] . . . Rule 91A Motion to Dismiss, filed in this Court on November 17, 2023 and set for hearing by submission on November 27, 2023. Having considered the Motion and applicable law, the Court is of the opinion that the

10

Motion must be DENIED as a matter of law because the hearing by submission was set with fewer than twenty-one (21) days' notice. TEX. R. CIV. P. 91a.3(b).

Similarly, the trial court's order on the City's second motion to dismiss stated:

On this day came to be considered . . . [the] City['s] . . . Second Rule 91A Motion to Dismiss, filed in this Court on November 23, 2023 [sic] and set for hearing by submission on December 4, 2023. Having considered the Motion and applicable law, the Court is of the opinion that the Motion must be DENIED as a matter of law because the hearing by submission was set with fewer than twenty-one (21) days' notice. TEX. R. CIV. P. 91a.3(b).

**Standard of Review**

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action against it. *See* TEX. R. CIV. P. 91a; *Ball v. City of Pearland*, No. 01-20-00039-CV, 2021 WL 4202179, at *2 (Tex. App.—Houston [1st Dist.] Sept. 16, 2021, no pet.) (mem. op.). A trial court may dismiss a cause of action under rule 91a if "it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *Ball*, 2021 WL 4202179, at *2. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see also Ball*, 2021 WL 4202179, at *2. We review a trial court's decision on a rule 91a motion to dismiss de novo. *See Bethel v. Quilling, Selander, Lownds, Winslett & Mose, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *Malik v. GEICO Advantage Ins. Co.*, No. 01-19-00489-CV, 2021 WL

11

1414275, at *4 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.).

**Notice**

In its first issue, the City argues that the trial court erred in denying its first and second motions to dismiss based on a failure to comply with Texas Rule of Civil Procedure 91a.3(b) because Williams waived any complaint of insufficient notice by failing to timely object.

Here, the trial court, in its orders denying the City's motions to dismiss, cited Texas Rule of Civil Procedure 91a.3(b) and stated that it was denying the City's motions "as a matter of law because the hearing[s] by submission w[ere] set with fewer than twenty-one (21) days' notice."

A Texas Rule of Civil Procedure 91a motion to dismiss must be "filed within [sixty] days after the first pleading containing the challenged cause of action is served on the movant." TEX. R. CIV. P. 91a.3(a). A rule 91a motion to dismiss must also be "filed at least twenty-one days before the motion is heard."[8] TEX. R. CIV. P. 91a.3(b). Although the procedural deadlines in rule 91a.3 are phrased in terms of

---

[8] Additionally, Texas Rule of Civil Procedure 91a.6 requires that each party have "at least [fourteen] days' notice of [a] hearing on [a rule 91a] motion to dismiss." TEX. R. CIV. P. 91a.6. Although the parties refer to rule 91a.6 in their briefing and discuss a lack of fourteen days' notice, based on the trial court's orders denying the City's motions to dismiss, we conclude that this deadline is not relevant to our analysis of the City's first issue.

"must," this Court has held that such provisions are directory and not mandatory. *See Malik*, 2021 WL 1414275, at \*4 (internal quotations omitted); *see also Fiamma Statler, LP v. Challis*, No. 02-18-00374-CV, 2020 WL 6334470, at \*7 (Tex. App.—Fort Worth Oct. 29, 2020, pet. denied) (mem. op.).

Because the procedural deadlines in Texas Rule of Civil Procedure 91a.3 have not been deemed mandatory, on appeal, Texas appellate courts have often addressed an appellant's complaint about an appellee's failure to comply with the filing deadlines after the trial court has granted the appellee's rule 91a motion to dismiss. *See, e.g.*, *Malik*, 2021 WL 1414275, at \*4–5; *Thomas v. Logic Underwriters, Inc.*, No. 02-16-00376-CV, 2017 WL 5494386, at \*5 (Tex. App.—Fort Worth Nov. 16, 2017, pet. denied) (mem. op.); *Caldwell v. Zimmerman*, No. 03-17-00273-CV, 2017 WL 4899447, at \*2 & n.2 (Tex. App.—Austin Oct. 26, 2017, pet. denied) (mem. op.). And in such situations the courts have been asked to determine whether the appellant has preserved its complaint for appellate review. *See, e.g.*, *Malik*, 2021 WL 1414275, at \*4–5 (holding appellant did not preserve complaint rule 91a motion was not filed within sixty days because no place in record showed he objected to untimeliness of motion); *Envision Realty Grp., LLC v. Chen*, No. 05-18-00613-CV, 2020 WL 1060698, at \*3 (Tex. App.—Dallas Mar. 5, 2020, no pet.) (mem. op.) (holding appellants did not preserve for appellate review complaint that appellee did

13

not file motion to dismiss twenty-one days before hearing as required by rule 91a.3(b)).

This, however, is not the situation presented to us in the instant case. Here, the appellant is not complaining about an appellee's failure to comply with the deadlines set out in Texas Rule of Civil Procedure 91a.3(b); the City, the appellant, agrees that it did not file its rule 91a motions to dismiss twenty-one days before they were set for submission. *See* TEX. R. CIV. P. 91a.3(b) (rule 91a motion to dismiss "must be . . . filed at least [twenty-one] days before the motion is heard"). Instead, the City complains the trial court erred in denying its motions to dismiss on that basis because, in its view, Williams never complained in the trial court that the City's motions were not timely filed. To support its argument, the City relies on cases concluding that an appellant, i.e., the City in this case, did not preserve its insufficient-rule-91a-notice complaint for appellate review. *See, e.g.*, *Daily v. Smith*, No. 06-23-00093-CV, 2024 WL 2813323, at *2–3 (Tex. App.—Texarkana June 3, 2024, pet. denied) (mem. op.); *Quintana v. Holzhaus*, No. 04-23-00599-CV, 2024 WL 1079235, at *3 (Tex. App.—San Antonio Mar. 13, 2024, pet. denied) (mem. op.); *Lempar v. Ballantyne*, No. 04-22-00621-CV, 2023 WL 8896917, at *5 (Tex. App.—San Antonio Dec. 27, 2023, no pet.) (mem. op.); *Thomas*, 2017 WL 5494386, at *5; *Caldwell*, 2017 WL 4899447, at *2 & n.2; *Odam v. Tex. Credit Union*, No.

14

05-16-00077-CV, 2017 WL 3634274, at *4 (Tex. App.—Dallas Aug. 24, 2017, no pet.) (mem. op.).[9]

We note that preservation of error, which is addressed in the cases cited by the City, is a prerequisite for appellate review and focuses on whether an appellant may assert a complaint on appeal because it (1) properly raised the issue before the trial court and (2) obtained a ruling from the trial court or objected to the trial court's refusal to rule. *Perry v. Perry*, 512 S.W.3d 523, 526 (Tex. App.—Houston [1st Dist.] 2016, no pet.); *see* TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and (2) the trial court: (A) ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal."). But we are not being asked in this case to determine whether an appellant preserved its complaint for appellate review. Thus, we conclude that the cases cited by the City in its briefing are not directly on point.

---

[9]     We do not include in this list cases cited by the City that do not involve Texas Rule of Civil Procedure 91a.

15

Turning to the instant case, as previously stated, the trial court denied the City's motions to dismiss based on Texas Rule of Civil Procedure 91a.3(b), explaining that the motions were denied "as a matter of law because the hearing[s] by submission w[ere] set with fewer than twenty-one (21) days' notice." *See* TEX. R. CIV. P. 91a.3(b) (rule 91a motion to dismiss "must be . . . filed at least [twenty-one] days before the motion is heard"). We consider whether Williams raised an objection to the untimeliness of the City's motions in the trial court, and if not, whether the trial court had authority to deny the City's motions based on a failure to comply with Texas Rule of Civil Procedure 91a.3(b) sua sponte.

On November 17, 2023, the City filed its first motion to dismiss. That same day, the City filed a notice of submission, stating that its first motion to dismiss would be "submitted to the [trial] [c]ourt for ruling on Monday, November 27, 2023, at 8:00 a.m. without an oral hearing."[10] (Emphasis omitted.) The City's first motion to dismiss was not filed twenty-one days before the submission date as required by Texas Rule of Civil Procedure 91a.3(b). *See id.* In response to a letter by the City requesting a ruling on its first motion to dismiss, Williams asserted in the trial court that the City's first motion was "not properly set" for submission, and if the City wished to have the trial court rule on its motion, it needed to reset it in compliance

---

[10] The City filed its first motion to dismiss ten days before it set it for submission. *See Higginbotham v. Gen. Life & Accident Ins., Co.*, 796 S.W.2d 695, 696 (Tex. 1990) (court may take judicial notice of dates).

16

with the rules. This was sufficient to raise an objection to the City's failure to comply with the filing and submission deadlines set out in Texas Rule of Civil Procedure 91a.3. *See In re V.B.*, Nos. 04-04-00167-CV, 04-04-00168-CV, 2005 WL 418710, at *2 (Tex. App.—San Antonio Feb. 23, 2005, no pet.) (mem. op.) ("While objections must be specific enough to inform the trial [court] of the basis of the objection and to afford opposing counsel with an opportunity to remove the objection, a general objection will not waive error if the complaint is obvious to the trial court and the [opposing party] from its context."); *Trailways, Inc. v. Clark*, 794 S.W.2d 479, 487 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied) (objection should enable trial court to understand precise nature of error alleged). Accordingly, we conclude that Williams did not waive the requirement that the City's first motion to dismiss be "filed at least [twenty-one] days before the motion is heard,"[11] and because the City admits that it did not file its motion twenty-one days before the submission date, we hold that the trial court did not err in denying the City's first motion to dismiss on that basis.

---

[11] *See* TEX. R. CIV. P. 91a.3(b).

As to the City's second motion to dismiss, it was filed on November 27, 2023.[12] That same day,[13] the City filed a notice of submission, stating that its second motion to dismiss would be "submitted to the [trial] [c]ourt for ruling on Monday, December 4, 2023, at 8:00 a.m. without an oral hearing."[14] (Emphasis omitted.) The City's second motion to dismiss was also not filed twenty-one days before the submission date as required by Texas Rule of Civil Procedure 91a.3(b). *See* TEX. R. CIV. P. 91a.3(b). In her response to the City's second motion to dismiss, Williams did not complain about the City's submission of the motion less than twenty-days after it filed its second motion to dismiss nor does the record show that Williams otherwise objected to the City's failure to comply with rule 91a.3(b) or that she moved for a continuance of the submission date.

Assuming without deciding that Williams needed to object in the trial court about the City's failure to comply with Texas Rule of Civil Procedure 91a.3(b),[15] we now consider whether the trial court, on its own, could have denied the City's second

---

[12]  *See* TEX. R. CIV. P. 21(f)(5)(A) ("[I]f a document is transmitted on a Saturday, Sunday, or legal holiday, it is deemed filed on the next day that is not a Saturday, Sunday, or legal holiday . . . .").

[13]  *See id.*

[14]  The City filed its second motion to dismiss seven days before it set it for submission. *See Higginbotham*, 796 S.W.2d at 696.

[15]  We note that "the burden to preserve error [is] on the appellant, not the appellee." *Zurich Am. Ins. Co. v. Masterworks Dev. Co.*, No. 14-21-00649-CV, 2023 WL 166840, at *3 (Tex. App.—Houston [14th Dist.] Jan. 12, 2023, no pet.) (mem. op.) (citing TEX. R. APP. P. 33.1(a)).

motion to dismiss "as a matter of law because the hearing by submission [on the motion] was set with fewer than twenty-one (21) days' notice." *See id.*

A trial court has the inherent authority to manage its own docket and control the disposition of a case, and it is given "wide discretion" in doing so. *See In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 257–58 (Tex. App.—El Paso 2021, orig. proceeding); *Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 693–94 (Tex. App.—Amarillo 1998, pet. denied); *Metzger v. Sebek*, 892 S.W.2d 20, 38 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *see also In re State ex rel. Skurka*, 512 S.W.3d 444, 452 (Tex. App.—Corpus Christi–Edinburg 2016, orig. proceeding) (control of business of court is vested in sound discretion of trial judge and "trial court is vested with broad discretion to manage and control its docket in order to promote the orderly and efficient administration of justice while protecting the statutory and constitutional rights of all persons who come before the court" (internal quotations omitted)). "[A] trial court's exercise of its inherent power is partially promoted by, and partially guided by, the Texas Rules of Civil Procedure, which provide a trial judge with the tools to facilitate the litigation of lawsuits and, to a certain extent, to prevent abuse of the legal process." *Metzger*, 892 S.W.2d at 38 (internal quotations omitted).

The City asserts in its briefing that the trial court could not, on its own, deny the City's second motion to dismiss because the City had failed to comply with

Texas Rule of Civil Procedure 91a.3(b). However, the City has not provided this Court with authority showing that the trial court was prohibited from taking such action or that the trial court could not rely on its inherent authority to do so. It is an appellant's burden on appeal to establish that the trial court erred. *See Schneider v. Quintana Energy Servs., LLC*, 691 S.W.3d 738, 753 (Tex. App.—Houston [14th Dist.] 2024, no pet.); *Rosenblatt v. City of Houston*, 31 S.W.3d 399, 407 (Tex. App.—Corpus Christi–Edinburg 2000, pet. denied) ("An appellant has the burden to bring forth sufficient record and authority to support reversible error."); *see also Sparkman v. Reliastar Life Ins. Co.*, No. 13-03-500-CV, 2008 WL 2058216, at *6 (Tex. App.—Corpus Christi–Edinburg May 15, 2008, pet. denied) (mem. op.) (appellant has burden of presenting authority showing trial court's judgment should be reversed). Here, we cannot conclude that the City met its burden of establishing that the trial court erred in denying the City's second motion to dismiss based on the City's failure to file its second motion twenty-one days before it was submitted. Accordingly, we hold that the trial court did not err in denying the City's second motion to dismiss.

We overrule the City's first issue.[16]

---

[16] Due to our disposition, we need not address the City's remaining issues. *See* TEX. R. APP. P. 47.1. We also need not address Williams's assertions that the City's second motion to dismiss "was an amended motion and was the only proper motion pending" so "[t]he City c[ould] only appeal from the denial of [its] second motion to dismiss"; that the City had admitted that the trial court did not err because it filed

## Conclusion

We affirm the orders of the trial court.[17]

Kristin Guiney
Justice

Panel consists of Justices Guerra, Guiney, and Johnson.

---

a motion to abate in this Court; and that the City did not preserve its argument that the "trial court engaged in improper conduct" by enforcing the deadline found in Texas Rule of Civil Procedure 91a.3(b). *See id.*

[17] We note that nothing in this memorandum opinion prohibits the City or Walton, the City's employee, from filing in the trial court a plea to the jurisdiction or motion for summary judgment asserting governmental immunity. *See, e.g.*, *City of Houston v. Sandoval*, No. 01-23-00806-CV, 2025 WL 863777, *1 (Tex. App.—Houston [1st Dist.] Mar. 20, 2025, no pet.) (mem. op.) (City moved for summary judgment asserting TTCA had not waived its governmental immunity); *Kamel v. Univ. of Tex. Health Sci. Ctr. at Houston*, 333 S.W.3d 676, 680–81 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (governmental entity filed plea to jurisdiction asserting it was immune from suit and plaintiff's claims did not fall within waiver of immunity provided by TTCA); *MacDonald v. Warner*, No. 01-04-01028-CV, 2005 WL 2670932, at *1 (Tex. App.—Houston [1st Dist.] Oct. 20, 2005, no pet.) (mem. op.) (governmental employee filed summary-judgment motion based on Texas Civil Practice and Remedies Code section 101.106). We express no opinion on the merits of such a motion.